J-S43027-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SPENCER HALE | : | |
| | : | |
| Appellant | : | No. 2272 EDA 2021 |

Appeal from the Judgment of Sentence Entered September 30, 2021,
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s): CP-51-CR-0001659-2018.

BEFORE:  DUBOW, J., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY KUNSELMAN, J.:                **FILED MARCH 27, 2023**

Spencer Hale appeals the judgment of sentence of incarceration imposed following revocation of his probation.  Based on this Court's decision in **Commonwealth v. Simmons**, 262 A.3d 512 (Pa. Super. 2021) (*en banc*), we vacate the judgment of sentence and remand for resentencing.

On February 19, 2019, Hale entered a negotiated guilty plea to robbery, inflicting or threatening immediate bodily injury, and simple assault.  The trial court immediately sentenced Hale to a term of fourteen (14) to twenty-eight (28) months' incarceration followed by three (3) years' probation for the robbery and one (1) year consecutive probation for the simple assault.  He was given credit for time served.  Hale did not appeal.

On October 29, 2019, Hale was released on parole.  As of that time, Hale had served fifteen (15) months of his sentence of incarceration; his

sentence of incarceration was to max out on November 18, 2020, 13 months later.

On September 28, 2020, Hales' ex-girlfriend filed a PFA order against him. Parole staff directed that Hale have no-contact with her as a special condition of parole. On October 7, 2020, the Philadelphia Police Department issued a warrant for Hale's arrest for aggravated assault and notified parole staff. Parole staff directed Hale to turn himself in, but he did not. The Pennsylvania Parole Board placed Hale on absconder status on October 14, 2020.

On November 5, 2020, Hale's home provider notified parole staff that she had not seen Hale in two weeks. A search of his residence revealed that his belongings were not there. Hale was declared delinquent for changing his residence without permission, effective November 5, 2020.

On February 18, 2021, Philadelphia Police arrested Hale on multiple, new charges. Additionally, he was arrested by the Parole Board for absconding.

On July 7, 2021, the trial court held a revocation hearing and found Hale in violation of his parole and probation. The court revoked Hale's probation and supervision. The court ordered a pre-sentence report and mental health evaluation.

On September 30, 2021, the trial court sentenced Hale to a term of forty-five (45) to ninety (90) months' incarceration on the charge of robbery and a concurrent term of twelve (12) to twenty-four (24) months'

incarceration for simple assault.  Credit for time served was given.  Hale filed a motion for reconsideration, which the trial court denied.

Hale filed this timely appeal.  Hale and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

On appeal, Hale raises a single issue for our review:

Whether the trial court erred anticipatorily revoking his sentence of probation when his violations occurred while he was serving his sentence of parole and had not yet started his sentence of probation based upon *Commonwealth v. Simons*, 262 A.3d 512 (Pa. Super. 2021).

*See* Hale's Brief at 4.

Hale claims that the trial court erred in finding that he violated his probation when his new crimes and technical violation occurred during the period of parole and not probation.  Hale therefore maintains that this Court's decision in *Simmons* applies, his sentence should be vacated, and this matter remanded for further proceedings.  Hale's Brief at 9-10.

In its 1925(a) opinion, the trial court acknowledges that it improperly revoked Hale's probation in contravention of *Simmons*, conceding that his new crime and technical violations occurred during Hale's parole.  As such, the court agrees that we should remand this matter for resentencing in accordance with *Simmons*.  Trial Court Opinion, 4/27/22, at 5.

The Commonwealth argues, however, that Hale's absconder status began while he was on parole but continued into the term of his probation

sentence. As such **Simmons** does not apply.[1] Commonwealth's Brief at 13, 16. In support of its position, the Commonwealth cites **Commonwealth v. Grantham**, 1859 EDA 2021, 2022 WL 1554860 (Pa. Super. 2022) (Unpublished decision) and claims that it applies to the instant case. We disagree; Hale's sentence of probation for simple assault never started because Hale never successfully completed his parole for robbery.

In **Simmons**, this Court held, *inter alia*, that where a trial court sentences a defendant to probation consecutive to a sentence of incarceration, the defendant cannot prospectively violate the conditions of a probationary order before the defendant starts serving his sentence of probation. **Simmons**, 262 A.3d at 524-25. A defendant's sentence of probation, if imposed consecutive to a sentence of incarceration, does not begin to run until the prior sentence ends. In order to consider whether a defendant violated probation and potentially revoke it, the violation must occur while the defendant is serving his sentence of probation. No statutory authority exists permitting a trial court to anticipatorily revoke, *i.e.,* before the sentence of probation has started, an order of probation. **Id.**

In **Grantham**, a panel of this Court distinguished **Simmons** based on different facts. Like Simmons, Grantham had been sentenced to a term of incarceration followed by a sentence of probation. Grantham was paroled.

---

[1] We observe that the trial court initially applied this rationale when it sentenced Hale, although it did not cite any legal authority to support the decision. Rather, it distinguished the circumstances of the instant case from those in **Simmons**, noting the continuing nature of Hale's absconding.

While on parole, Grantham committed new crimes and was arrested. Subsequently, he was ordered to turn himself in but failed to do so. As a result, the court issued an absconder's warrant. Following a revocation hearing, the court found him in violation of his probation, revoked his probation and resentenced Grantham to a term of incarceration.

On appeal, Grantham argued that the court imposed an illegal sentence based on **Simmons**, claiming that his alleged violation occurred prior to the start of his sentence of probation. This Court rejected his claim. The Court observed that "the record demonstrates that, while [Grantham] did incur new criminal charges before the commencement of his probation sentence, he also engaged in violative conduct **after** his probation commenced, when, after his release from custody [he failed to turn himself in]." **Id.** at 3 (emphasis added). Thus, contrary to the Commonwealth's contention, **Grantham** involved two separate violations, one occurring during his parole and another, separate one during his probation. As such, **Grantham** does not stand for the proposition that a defendant's probation may be revoked where the violation starts while the defendant is on parole and continues into the term of his probation, because the defendant has not been picked up yet or turned himself in.

Given the distinction in **Grantham**, and the trial court's acknowledgement that Simmons applies because Hale's violations occurred while he was on parole, we vacate Hale's judgment of sentence. Hale's sentence for violating parole is limited to serving the balance of his original

sentence of incarceration, i.e., approximately 13 months. Further, Hale's consecutive sentence for robbery must be reinstated. [2]

Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

Date: *3/27/2023*

---

[2] It appears that the court used the terms parole and probation interchangeably at the hearings. It is obvious that Hale violated his parole. Under **Simmons**, the court is limited in its remedy.